**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JUAN JOSE MORENO-MANDUJANO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-70136 <br><br> Agency No. A024-294-047 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2017[**]
San Francisco, California

Before:     LEAVY, W. FLETCHER, and PAEZ, Circuit Judges.

Juan Jose Moreno-Mandujano ("Moreno"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals ("BIA") decision

affirming an immigration judge's ("IJ") order of removal.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *See Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011). We grant the petition for review and remand.

Moreno entered the United States in 1982 at the age of 17 on a non-immigrant six-month visa. Moreno remained in the United States beyond six months. In 2014, the Department of Homeland Security initiated removal proceedings for overstaying the visa. Moreno admitted removability but sought to remain in the United States by applying to adjust his status, and his United States citizen daughter filed a visa petition on his behalf. During the 2014 removal proceeding, Moreno testified about his employment history. In response to questioning by the IJ about "what way" Moreno told his employer that he was legal, Moreno responded, "I just told them I was a citizen." Immediately following this exchange, the IJ concluded that "having made a false claim to United States citizenship for employment, [Moreno] would not be eligible to receive adjustment of status." Moreno appealed the IJ's oral decision. The BIA dismissed Moreno's appeal, agreeing that Moreno failed to meet his burden to show eligibility for adjustment of status because of his false representation of citizenship to an

employer pursuant to 8 U.S.C. § 1182(a)(6)(C)(ii)(I)[1] of the Immigration and Nationality Act.

Moreno contends that § 1182(a)(6)(C)(ii)(I) applies only to written, rather than oral, false representations of citizenship. We agree. In *Diaz-Jimenez v. Sessions*, No. 15-73603 (9th Cir. Aug. 30, 2018), we concluded that "an alien can violate § 1182(a)(6)(C)(ii)(I) by a false representation of citizenship for the 'purpose or benefit' of obtaining private employment under § 1324a only when such a representation is made under § 1324a(b)(2) on a Form I–9." *Id.* at *16. Here, Moreno's oral representation to his prospective private employer that he was a citizen is insufficient to establish a violation of § 1182(a)(6)(C)(ii)(I) by a false representation of citizenship.

Petition **GRANTED** and **REMANDED.**

---

[1] 8 U.S.C. § 1182(a)(6)(C)(ii)(I), provides:

Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible.